Edward Greenberg, Esq. (ECG 5553)
GREENBERG & REICHER, LLP.
50 East 42nd Street
New York, NY 10017
(212)697-8777

Attorneys for the Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

KEN KNIGHT

                          Plaintiff ,

       -against-

ASSOCIATED PRESS

                      Defendant

-----------------------------------------X





**COMPLAINT**

JURY TRIAL DEMANDED

05 CV 7479

Plaintiff Ken Knight, by his attorneys GREENBERG & REICHER, LLP, allege as follows:

<u>PARTIES</u>

1.  Plaintiff KEN KNIGHT (hereinafter "KNIGHT") is a resident of the State of Louisiana, residing at 2020 Washington St., Franklinton, Louisiana, 70438.

2.  The defendant ASSOCIATED PRESS (hereinafter "AP") is, upon information and belief, a New York corporation with its principal place of business at 50 Rockefeller Plaza, New York, NY.

<u>JURISDICTION AND VENUE</u>

3.  This is a civil action for, inter alia, copyright infringement and pursuant thereto jurisdiction is conferred upon this Court by 28 U.S.C. Section 1338.

13. That the defendant's services are provided on deadline and are subject to "news cycles".

14. Images of Ms. Spears which involve or reflect upon her personal life have previously been the cause of bidding wars among rival celebrity publications seeking to acquire the exclusive right to publish said images. Ms. Spears is among the most photographed persons in the entire world and photos incorporating her likeness and/or those whose lives intersect with hers are routinely licensed and/or sold for significant fees.

15. That the defendant operates a commercial business wherein it makes commercial photography available via subscription.

16. That the plaintiff has previously brought suit against AP along with other defendants for copyright infringement (Ken Knight v. ABACA Press, et., al., . 04 Civ. 4299).

17. That said action was resolved pursuant to a settlement agreement between all appearing parties including this defendant dated October 14, 2004 (hereinafter "the Agreement").

18. That by the terms of said agreement, plaintiff released AP from all liability up to the date of execution of the agreement.

19. That by the terms of the Agreement AP represented that a "kill notice" or its equivalent relating to the subject image was issued.

20. That subsequent to the execution of the Agreement the plaintiff learned that the subject image and variations thereon remained available via the AP.

21. That the plaintiff, through his counsel, contacted the AP via a letter dated May 13, 2005.

22. That the defendant responded by a letter dated May 17, 2005 wherein it admitted that it had "neglected" to remove three variations of the subject image from the AP GrahicsBank.

23. That the subject image and the two variations were identified by the following image identification numbers: 843324, 843308 and 843307.

4. This Court has personal jurisdiction over the defendant in that the defendant does business in the Southern District of New York and a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

5. Venue in the Southern District is proper pursuant to 28 U.S.C Section 1400.

FACTS COMMON TO ALL CLAIMS

6. That the plaintiff KNIGHT is a professional photographer with many years of experience.

7. On or about March 9, 2000, the plaintiff created an image of one Jason Allen Alexander, hereinafter "the subject image".

8. The plaintiff retained copyright in the subject image and registered the image on January 9, 2004 (Registration #VAu596-505).

9. That the copyright and registration in the subject image belong to the plaintiff and no sale, transfer or assignment of same has occured.

10. At approximately 5:30 a.m. on January 3rd 2004, internationally known pop performer Britney Spears married Mr. Alexander in a Las Vegas chapel. Said marriage was annulled some 55 hours later.

23. The Spears' marriage quickly became public and was reported via numerous newspapers, media outlets and publications. There was instant and significant demand within the publicity, news and entertainment industries for photographic images of "Mr. Britney", to wit, Mr. Alexander.

11. That, unlike Ms. Spears, Mr. Alexander was not a well-known person, celebrity or public figure at the time of the marriage.

12. That upon information and belief, at the time the news of the marriage became public, the defendant did not have in its custody, possession or control images of Mr. Alexander.

24. Upon information and belief the defendant received the subject image and its variations from more than one contributor source.

25. That 843324 was downloaded once by a third party subsequent to the date of the Agreement.

26. That 843308 was downloaded eleven times subsequent to the date of the Agreement.

27. That 843307 was downloaded six times subsequent to the date of the Agreement.

28. That the plaintiff has contacted the downloaders in an effort to determine the nature and extent of their use of the subject image and the variations.

29. That the plaintiff has not been compensated for this unauthorized distribution and use of his image by the defendant.

30. That the plaintiff has sought non-judicial resolution of the issues complained of herein and asserts the allegations contained in this complaint in good faith.

### FIRST CLAIM FOR RELIEF

#### Willful Copyright Infringement
#### Under Section 501 of the Copyright Act

31. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 30 as if fully set forth herein.

32. Beginning in October of 2004 the subject image and the two variations thereof were displayed on the defendant's web site and were available to all of the defendant's subscribers as high resolution downloads suitable for publication.

33. That beginning in October of 2004 the subject image and the two variations thereof were in fact downloaded by multiple subscribers of the defendants as set forth above, including but not limited to FoxNews, AmericaOnline and CourtTV.

34. AP has no license, either written or oral to publish, display or relicense the subject image or

any variation thereof.

35. That the aforementioned acts of the Defendant constitute federal statutory copyright infringement under Section 501 of the Copyright Act in violation of the exclusive rights granted the plaintiff KNIGHT as copyright holder.

36. Defendant's post-Agreement publication, display and relicense and distribution of the subject image and the variations thereof was willful, intentional and in bad faith.

37. As a result of the defendant's acts the plaintiff has been damaged in an amount as yet undetermined.

38. Plaintiff is further entitled to damages, attorneys' fees and costs under Sections 504 and 505 of the Copyright Act, 17 U.S.C. Section 101 et., seq., given the willful, intentional, malicious and bad faith nature of defendant's copyright infringement.

## SECOND CLAIM FOR RELIEF

### Negligent Copyright Infringement
### Under Section 501 of the Copyright Act

39. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 38 as if fully set forth herein.

40. Beginning in October of 2004 the subject image and the two variations thereof were displayed on the defendant's web site and were available to all of the defendant's subscribers as high resolution downloads suitable for publication.

41. That beginning in October of 2004 the subject image and the two variations thereof were in fact downloaded by multiple subscribers of the defendants as set forth above, including but not limited to FoxNews, AmericaOnline and CourtTV.

42. AP has no license, either written or oral to publish, display or relicense the subject image or

any variation thereof.

43. As a result of the defendant's acts the plaintiff has been damaged in an amount as yet undetermined.

44. Defendant's post-Agreement publication, display and relicense and distribution of the subject image and the variations thereof was negligent.

45. That the aforementioned acts of the Defendant constitute federal statutory copyright infringement under Section 501 of the Copyright Act in violation of the exclusive rights granted the plaintiff KNIGHT as copyright holder.

WHEREFORE, the plaintiff demands judgment as against the defendants as follows:

ON THE FIRST CLAIM FOR RELIEF - an award of the maximum statutory damages in an amount not less than $150,000 or for such other amount as may be proper pursuant to 17 U.S.C. §504 and for an order enjoining defendant from infringing the plaintiff's copyrighted image, pursuant to 17 U.S.C. §502 and for an award of costs and attorneys' fees pursuant to 17 U.S.C. §505;

ON THE SECOND CLAIM FOR RELIEF - damages in an amount to be determined by the Court and for an order enjoining defendant from infringing the plaintiff's copyrighted image, pursuant to 17 U.S.C. §502 and for an award of costs and attorneys' fees pursuant to 17 U.S.C. §505;

Prejudgment interest on all sums due;

and for such other and further relief as this Court may find just and proper.

Dated: New York, New York
       August 22, 2005

Edward Greenberg, Esq. (ECG 5553)
GREENBERG & REICHER, LLP.
50 East 42nd Street

New York, NY 10017
(212)697-8777

NOTICE OF ENTRY

Please take notice that the within is a (certified) true copy of a duly entered in the office of the clerk of the within named court on , 2005.

Dated: New York, New York

Yours, etc.,
Greenberg & Reicher, LLP
Attorneys for
50 East 42nd Street 17th Floor
New York, NY 10017

Attorney for

NOTICE OF SETTLEMENT

Please take notice that an order
of which the within is a true copy will be presented for settlement to the Hon.
one of the judges of the within named Court, at
, 2005 at
oo

Dated: New York, NY
, 2005

Yours, etc.,
Greenberg & Reicher, LLP
50 East 42nd Street 17th Floor
New York, NY 10017

Attorney for

---

INDEX NO:         YEAR 2005

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

KEN KNIGHT,

                                        Plaintiff(s)

                against

ASSOCIATED PRESS

                                        Defendant(s)

SUMMONS AND COMPLAINT

GREENBERG & REICHER, LLP
ATTORNEYS FOR PLAINTIFF
50 EAST 42ND STREET 17th Floor
NEW YORK, NY 10017
(212) 697-8777

To:
        Attorney For
        Address
        City State Zip

Service of the within

                        is hereby admitted.

Dated:

Attorneys for

---

Signature

Certified pursuant to rule 130-1.1(a)

Edward C. Greenberg
Erica Galinski